JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*                                                                 Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | ❏ 950 Constitutionality of State Statutes |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: [Nature of Suit Code Descriptions](Nature of Suit Code Descriptions).

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADEGBOLA SEAN OGUNDERE<br>21 CEDARHURST LANE<br>CAMP HILL, PA 17011<br>　　　　　Plaintiff. | : TRIAL BY JURY<br>:<br>: CIVIL ACTION NO.:<br>:<br>: |
| v. | : |
| LOWER ALLEN TOWNSHIP<br>2233 GETTYSBURG ROAD<br>CAMP HILL, PA 17011, | :<br>:<br>: |
| JEREMY READ<br>2233 GETTYSBURG ROAD<br>CAMP HILL, PA 17011 | :<br>:<br>: |
| & | : |
| KATIE JUSTH<br>2233 GETTYSBURG ROAD<br>CAMP HILL, PA 17011<br>　　　　　Defendants | :<br>:<br>:<br>: |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his attorney, Brian J. Zeiger, Esquire, hereby alleges the following:

JURISDICTION & VENUE

1. Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2. This Court has the authority to grant declaratory and injunctive relief in this matter pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The Defendants reside in the Middle District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

1

## PARTIES

4. At all times relevant hereto the Plaintiff, Adegbola "Sean" Ogundere is an adult resident of Cumberland County, Pennsylvania, who lives at 21 Cedarhurst Lane, Camp Hill, PA 17011.

5. Defendant Lower Allen Township, doing business as Lower Allen Police Department, is located at 2233 Gettysburg Road, Camp Hill, PA 17011.

6. Defendant Jeremy Read, is a police officer, and is being sued in both his individual and official capacities, and has a business address of 2233 Gettysburg Road, Camp Hill, PA 17011.

7. Defendant Katie Justh, is a police officer, and is being sued in both her individual and official capacities, and has a business address of 2233 Gettysburg Road, Camp Hill, PA 17011

8. At all times material hereto, the individual defendants acted under color of law within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of Lower Allen Township.

## FACTUAL BACKGROUND

9. Plaintiff is a retired federal police officer.

10. At all times relevant hereto, Plaintiff was in compliance with the Law Enforcement Officers Safety Act (LEOSA) 18 U.S. Code § 926C, and was legally permitted to carry a firearm concealed in the Commonwealth of Pennsylvania.

11. The individual defendants knew of 18 U.S. Code § 926C and the relevant case law and chose to ignore the law.

12. Or, in the alternative, Lower Allen Township intentionally chose not to train the individual defendants in the law surrounding Law Enforcement Officers Safety Act (LEOSA), 18 U.S. Code § 926C.

13. On or about November 25, 2018, at approximately 2:25 a.m., Plaintiff was lawfully driving his vehicle at or near Hartzdale Drive and Bellmore Road, in Cumberland County Pennsylvania.

14. At that same date and time, Plaintiff was in lawful possession of a firearm.

15. At the same date and time, the individual Defendants made a pre-textual stop of Plaintiff's vehicle—no legitimate reason existed for the stop.

16. The Defendants later claimed that a "vehicle registration light" was out in Plaintiff's vehicle.

17. The Defendants forced Plaintiff out the vehicle.

18. The Defendants accused Plaintiff of driving under the influence of alcohol.

19. Plaintiff voluntarily took a breathalyzer three times. Each time, the breathalyzer did not return a result that indicated intoxication.

20. Defendants then asked Plaintiff to participate in a field sobriety test.

21. Plaintiff declined due to a previous disability and told the Defendants he would not be able to complete a field sobriety test.

22. Plaintiff was sober—i.e. he was not under the influence.

23. The Defendants asked Plaintiff if he had any weapons.

24. Plaintiff forgot he had changed coats earlier the previous day.

25. Plaintiff stated he do not have a firearm on his person, but Plaintiff later realized he had two firearms on his person due to the change of coat and told the Defendants about his mistake.

26. Plaintiff was in possession of two lawfully purchased handguns.

27. Plaintiff told the Defendants he was licensed to carry a firearm.

28. At all relevant times, Plaintiff was a qualified retired law enforcement for purposes of 18 U.S.C. § 926C, specifically:

   a. Plaintiff separated from service in good standing from the United States Department of Defense as a Federal Police Officer for the Naval Support Activity in Mechanicsburg, Pennsylvania;

   b. Before separation was an authorized law enforcement officer with the power to prevent, detect, investigate, prosecute and incarcerate any person for violations of law;

   c. Served as a Federal Police Officer for an aggregate of 10 years or more;

   d. Had met the standards for qualification in firearms training for active law enforcement officers by the United States Department of Defense as applicable to his former role as a Federal Police Officer in the 12 months immediately preceding November 25, 2018;

   e. Was not under the influence of alcohol or other intoxicating or hallucinatory drug or substance at the time of possession of any firearm; and

   f. Was not otherwise prohibited by federal law from receiving a firearm or otherwise unqualified for reasons relating to mental health.

29. At the time Plaintiff was in possession of valid federal credentials that authorized his possession of a firearm, specifically:

    a. A photographic identification card issued by the United States Department of Defense on February 23, 2017 certifying Plaintiff's status as a retired federal police officer for purposes of 18 U.S.C. § 926C; and

    b. A firearms qualification letter issued June 1, 2018, by Richard J. Tate II, CPO, USN (ret.), U.S. Navy Small Arms Marksmanship Instructor, attesting that Plaintiff had achieved an annual small arms training and qualification certification for DOD standards within the preceding 12 months and was qualified to operate a handgun like the two he possessed at the time.

30. Plaintiff showed the Defendants his valid federal credentials to carry his firearms.

31. The Defendants declined to honor Plaintiff's federal credentials.

32. The Defendants arrested Plaintiff for two counts of Violation of the Uniform Firearms Act, 18 Pa. C.S. 6106(a)(1), for possessing the firearms on his person without a license

33. LEOSA, however, preempts Pennsylvania state prohibitions on the possession of concealed firearms. *See* 18 U.S.C. § 926C(a).

34. Through counsel, Plaintiff informed the prosecuting attorney, Lauren Perchinski, Assistant District Attorney that LEOSA preempted Pennsylvania law with respect to the charges for violating 18 Pa. C.S. § 6106(a)(1).

35. In a letter dated October 4, 2019 ADA Perchinski informed Plaintiff that "it does not appear that even considering [LEOSA], Mr. Ogundere would have been permitted to possess a firearm during the night of the offense," and offered Mr. Ogundere a plea

agreement that included a guilty plea to "Firearms Not to be Carried Without a License."

36. The Defendants appeared in the Court of Common Pleas and testified at a Motion to Suppress as to the same story about a registration light being out.

37. On February 26, 2020, The Honorable Albert H. Masland, found the Defendants did not have probable cause to stop Plaintiff's vehicle and suppressed the firearm.

38. Judge Masland ruled that he watched a video of the stop and concluded, "From our view of the video, the license plate was properly illuminated and to say that either light was out was a stretch. In the least, the license plate was illuminated by the remaining light."

39. The Commonwealth of Pennsylvania did not appeal the Court's ruling that the individual defendants did not have probable cause.

40. The criminal matter in state court is completed.

41. Plaintiff was in lawful possession of his firearm under 18 U.S. Code § 926C.

42. The Defendants were aware of the federal law allowing military and retired military personal to carry and chose to ignore the law and were therefore not properly supervised; or, the Defendants were not properly trained regarding the federal law allowing military and retired military personal to carry firearms.

43. Plaintiff has a reasonable fear of future prosecution for the possession of a concealed weapon in Pennsylvania.

44. Plaintiff intends to exercise his rights to carry concealed firearms consistent with the limits set out in 18 U.S.C. § 926C.

45. Plaintiff is currently certified to carry small arms pursuant to his annual DOD certification.

46. Plaintiff is in possession of all required documents under 18 U.S.C. § 926C.

47. However, Defendants have informed plaintiff, most notably through his arrest and prosecution, and in ADA Perchinski's October 4, 2019, letter, that they do not consider compliance with 18 U.S.C. § 926C to preempt Pennsylvania's criminal statutes governing the concealed carrying of firearms.

48. In particular, ADA Perchniski informed Plaintiff, even after being alerted to 18 U.S.C. § 926C and being provided copies of Plaintiff's appropriate certifications, that his possession of a firearm was unlawful under Pennsylvania law and offering a plea agreement to "Firearms Not to be Carried Without a License" under Pennsylvania law.

## COUNT I - VIOLATION OF 42 U.S.C. § 1983 -
## ALL DEFENDANTS

49. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

50. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

51. Defendants' actions were taken under color of state law, are state actions under 42U.S.C. §1983, and have deprived Plaintiff of his rights, privileges, and/or

7

immunities secured by the Constitution and laws of the United States, including his right to bodily integrity and his right to be free from illegal seizure.

52. Defendants also violated Plaintiffs constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution by holding him in custody with no authority to do so.

53. On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to the Plaintiff. Defendants' actions as stated herein denied Plaintiffs rights in violation of the United States Constitution and 42 U.S.C. § 1983. Defendants' actions were a factual cause of and/or directly and proximately caused. Plaintiffs substantial damages and harm.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages for the individual defendants, and declaratory and injunctive relief.

## COUNT II - UNCONSTITUTIONAL SEIZURE OF PERSON UNDER 42 U.S.C. § 1983 - INDIVIDUAL DEFENDANTS

54. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

55. Plaintiff did not commit any criminal offense on the date in question.

56. Defendants did not have any probable cause to believe the Plaintiff committed any criminal offense.

57. No reasonable police officer would believe probable cause existed to arrest the Plaintiff.

58. The Defendants intentionally, maliciously, and falsely arrested the Plaintiff with reckless disregard for Plaintiffs constitutional rights.

59. The false arrest and illegal seizure of the Plaintiff was a violation of her Fourth Amendment rights under the United States Constitution.

60. Defendants acted in concert and conspiracy with each other to deprive the Plaintiff of his liberty.

61. As a direct result of Defendants' intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty.

62. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life all to his great detriment and loss.

63. As a direct and proximate result of the aforementioned act and conduct of the defendants, Plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars

together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT III - MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 - INDIVIDUAL DEFENDANTS

64. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

65. Defendants caused Plaintiff to be charged with crimes he did not commit. The criminal charges against Plaintiff were dismissed and the case terminated in the Plaintiffs favor.

66. Defendants initiated criminal charges against Plaintiff without probable cause.

67. Defendants knew no probable cause existed but intentionally and maliciously pursued false charges against Plaintiff.

68. Defendants caused Plaintiff to be prosecuted for a purpose other than seeking justice.

69. Defendants made false assertions in order to legitimize the false arrest of Plaintiff and to support their intentional malicious prosecution of Plaintiff.

70. As a direct result of Defendants' intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty in violation of the Fourth Amendment to the United States Constitution.

71. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life all to his great detriment and loss.

72. As a direct and proximate result of the aforementioned act and conduct of the defendants, Plaintiff has incurred other financial loses to which he may otherwise be entitled to recover.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT IV- *MONELL* CLAIM UNDER 42 U.S.C. § 1983 - DEFENDANT LOWER ALLEN TOWNSHIP

73. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.
74. Defendant Lower Allen Township, through its police department, established, knew of, and acquiesced to policies, procedures, and customs that Defendants knew or should have known would lead to violations of citizens' constitutional rights.
75. The decision makers of Lower Allen Township, who made, enforced, or turned a blind eye, to the defective policies, procedures, and customs including but not limited to the chief of police, the mayor, and the individual defendants direct supervisors on the night in question.

76. Defendant Lower Allen Township, through its police department, acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

77. Defendant Lower Allen Township, through its police department, did not properly establish a policy regarding Law Enforcement Officers Safety Act (LEOSA) 18 U.S. Code § 926C.

78. Defendant Lower Allen Township, through its police department, did not properly train its police force regarding the Law Enforcement Officers Safety Act (LEOSA) 18 U.S. Code § 926C.

79. Defendant Lower Allen Township, through its police department, did not properly supervise its police force regarding the Law Enforcement Officers Safety Act (LEOSA) 18 U.S. Code § 926C.

80. The Plaintiff believes and therefore avers the Defendant Lower Allen Township, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' rights under the Second Amendment of the Constitution of the United States, and the Law Enforcement Officers Safety Act (LEOSA) 18 U.S. Code § 926C..

81. Defendant Lower Allen Township, knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore

acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

82. By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant Lower Allen Township condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiffs rights under the Second Amendment to the Constitution of the United States and the Law Enforcement Officers Safety Act (LEOSA) 18 U.S. Code § 926C.

83. The conduct of Defendant Lower Allen Township and/or the conduct of defendants' employees or agents, and/or policy maker for the Defendant Lower Allen Township, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

## COUNT V – DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

84. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

85. Plaintiff intends to carry concealed firearms on his person in compliance with the requirements of 18 U.S.C. § 926C notwithstanding any contrary provision of Pennsylvania state law relating to carrying a concealed firearm on his person.

86. Defendants continue to assert that Plaintiff's compliance with 18 U.S.C. § 926C does not preempt state law relating to carrying a concealed firearm on his person as evidenced by his prosecution and by ADA Perchinski's letter to that effect.

87. Defendants' interpretation in contrary to the statutory language set out in 18 U.S.C. § 926C and is in violation of law.

88. Plaintiff seeks a declaration that his compliance with 18 U.S.C. § 926C preempts Pennsylvania state law, and an injunction prohibited Defendants from prosecuting Plaintiff for violation of state statutory provisions that are inconsistent with 18 U.S.C. § 926C.

WHEREFORE, Plaintiff demands declaratory and injunctive relief in his favor along with attorneys' fees.

Respectfully Submitted,

*Brian Zeiger*
Brian J. Zeiger, Esquire
Identification No.: 87063

Levin & Zeiger, LLP
1500 JFK BLVD, Suite 620
Philadelphia, PA 19102
215.546.0340