IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADEGBOLA SEAN OGUNDERE, | : | |
|     Plaintiff | : | No. 1:20-cv-00711 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| LOWER ALLEN TOWNSHIP, et al., | : | |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiff Adegbola Sean Ogundere ("Plaintiff") instituted the above-captioned action on April 29, 2020, by filing a complaint in this Court against Defendants Jeremy Read and Katie Justh (the "Individual Defendants") and Defendant Lower Allen Township ("Defendant Township") (collectively, "Defendants") arising out of a traffic stop and arrest of Plaintiff that occurred on November 25, 2018. (Doc. No. 1.) As a result of the events of November 25, 2018, Plaintiff was charged with violations of Pennsylvania's Uniform Firearms Act, 18 Pa. C.S. § 6106(a)(1), for possession of concealed firearms without a license. (Id. ¶ 32.) Plaintiff's complaint alleges that, at the time of the stop and arrest, he was in possession of multiple firearms, which he alleges he was entitled to carry as a qualified retired law enforcement officer pursuant to the Law Enforcement Officers Safety Act ("LEOSA"), 18 U.S.C. § 926C. (Id. ¶¶ 14, 25-29.) Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983, maintaining that Defendant Township failed to establish a policy regarding LEOSA and failed to train and supervise the Individual Defendants regarding the rights of individuals under the statute. (Id. ¶¶ 49-88.) Plaintiff's complaint seeks declaratory and injunctive relief—specifically, a declaration that compliance with LEOSA preempts Pennsylvania law and an injunction prohibiting

Defendants from prosecuting him for alleged violations of state law that are inconsistent with LEOSA.  (Id. ¶ 88.)

Defendants filed an answer to the complaint on June 30, 2020 (Doc. No. 10), which they amended on July 20, 2020 (Doc. No. 12).  Plaintiff subsequently filed a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) with respect to his claims for declaratory and injunctive relief (Doc. No. 13), which the Court denied by Order dated August 27, 2020 (Doc. No. 18).  The Court held a case management conference with the parties on August 28, 2020 (Doc. No. 19) and issued a case management order establishing February 20, 2021, as the deadline for the close of fact discovery (Doc. No. 20).

Upon the close of fact discovery, the Court referred this case to a Magistrate Judge of this Court for a settlement conference.  (Doc. Nos. 21-24.)  After settlement efforts were unsuccessful, the Court held a conference with the parties and, upon request, extended the close of fact discovery deadline to May 26, 2021, setting a dispositive motion deadline of June 28, 2021.  (Doc. No. 26.)  On that date, Defendants filed a motion for summary judgment (Doc. No. 27), with a brief in support (Doc. No. 27-1) and exhibits (Doc. No. 27-2).[1]  On July 6, 2021, Plaintiff filed a motion for a sixty-day extension of time to respond to Defendants' motion for summary judgment (Doc. No. 30), which the Court granted (Doc. No. 31), making Plaintiff's response due by September 20, 2021.  On September 17, 2021, Plaintiff filed a brief in opposition to Defendants' motion (Doc. No. 33), with an attached "Counter Statement of Material Facts" (Doc. No. 33-1) and several exhibits (Doc. Nos. 33-2 through 33-6).  On October 12, 2021, Defendants filed a reply brief in support of their motion.  (Doc. No. 35.)

---

[1] Upon request of the Clerk of Court, Defendants properly filed their brief in support of their motion as a separate document on July 1, 2021.  (Doc. No. 29.)

On January 12, 2022, the Court issued an order denying Defendants' motion for summary judgment without prejudice. (Doc. No. 36.) In so doing, the Court noted Defendants' failure to comply with the Middle District of Pennsylvania Local Rules of Court, Local Rule 56.1 by neglecting to file a separate statement of undisputed material facts in support of the motion and, in its discretion, determined that an appropriate sanction for such a violation was denial of the motion; however, the Court stated that it would "permit Defendants to re-file their motion for summary judgment, this time in strict compliance with Local Rule 56.1." (Id. at 5.) In connection with its decision, the Court noted that Plaintiff also failed to comply with the Local Rules in connection with his filings related to Defendants' motion because, in opposing Defendants' motion, Plaintiff purported to file his own, untimely "Counter Motion for Summary Judgment Nunc Pro Tunc" without obtaining permission of the Court to do so. (Id. at 4 n.2.) Regarding of these failures to comply with the Local Rules, the Court's January 12, 2022 Order permitted both parties another opportunity to file a motion for summary judgment, this time in strict compliance with the Local Rules of the Court. (Id. at 6.)

Plaintiff thereafter filed a motion for partial summary judgment (Doc. No. 37) with a number of attached exhibits (Doc. Nos. 37-1 through 37-7), one of which was Plaintiff's statement of material undisputed facts (Doc. No. 37-7). Plaintiff did not file a brief in support of his motion.[2] Several days later, Defendants filed a motion for summary judgment (Doc. No. 38) with brief in support (Doc. No. 39) and statement of material facts (Doc. No. 40). Plaintiff requested an extension of time to respond to Defendants' motion (until February 22, 2022) (Doc.

---

[2] Plaintiff's filing (Doc. No. 37) is entitled "Plaintiff's Motion for Partial Summary Judgment." Page two of the document contains a "table of contents," and page four is entitled "Plaintiff's Partial Motion for Summary Judgment" after which follows a discussion of law purportedly applicable to Plaintiff's "partial motion". No separate brief or memorandum of law was filed in support of the motion.

3

No. 41), which the Court granted (Doc. No. 42).  Thereafter, Defendants sought an extension of time to respond to Plaintiff's opposition (until March 24, 2022) (Doc. No. 43), which the Court also granted (Doc. No. 44).  Plaintiff filed his brief in opposition to Defendants' motion, again with attached exhibits (Doc. No. 45), on February 21, 2022.  Despite their request for an extension of time to respond to Plaintiff's opposition, Defendants did not file a reply brief.

Meanwhile, despite the fact that Plaintiff did not file a brief in support of his motion for partial summary judgment, on February 25, 2022, Defendants filed a brief in opposition to his motion (Doc. No. 46) and an answer to his statement of facts (Doc. No. 47), as well as a motion seeking an extension of time to file those documents (Doc. No. 48), which the Court granted (Doc. No. 49).  Plaintiff did not file a reply brief.

Once again, the parties' motions are noncompliant with the Local Rules of the Court in various respects.  First, as to Plaintiff's motion for partial summary judgment, Plaintiff failed to file a brief in support of the motion.  Local Rule 7.5 provides, in relevant part, that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . .  If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."  See L.R. 7.5.  As noted, supra at n.2, Plaintiff filed a "motion" (Doc. No. 37), along with several attachments (Doc. Nos. 37-1 through 37-7), one of which was a statement of undisputed material facts, as required by Local Rule 56.1.  However, Plaintiff never filed a brief in support of his motion.  Therefore, in accordance with Local Rule 7.5, the Court will deem Plaintiff's motion for partial summary judgment (Doc. No. 37) withdrawn for failure to file a brief in support of the motion.

In addition, despite the Court's previous order admonishing Defendants to file any renewed motion for summary judgment in "strict compliance with Local Rule 56.1," Defendants again failed to fully comply with that Local Rule. Local Rule 56.1 provides:

> A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, shall be accompanied by a separate, short and concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
>
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
>
> Statements of material facts in support of, or in opposition to, a motion shall include references to parts of the record that support the statements.
>
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

See L.R. 56.1. As the United States Court of Appeals for the Third Circuit has stated:

> Local Rule 56.1 was promulgated to bring greater efficiency to the work of the judges of the Middle District. As opinions from that Court have explained, the Rule "is essential to the Court's resolution of a summary judgment motion" due to its role in "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence."

See Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613 (3d Cir. 2018) (quoting Kramer v. Peerless Indem. Ins. Co., No. 3:08-cv-02096, 2010 WL 11553711, at *1 (M.D. Pa. Apr. 21, 2010)); see also Hartshorn v. Throop Borough, No. 3:07-cv-01333, 2009 WL 761270, at *3 (M.D. Pa. Mar. 19, 2009) (stating that "[t]he purpose of this rule is to structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion" (internal quotation marks omitted)).

Although this time Defendants did file a separate statement of undisputed material facts ("SUMF") in support of their motion for summary judgment (Doc. No. 40), as required by Local

Rule 56.1, that statement, consisting of twenty-three (23) separate paragraphs, does not comply with Local Rule 56.1's requirement that such statements "shall include reference to the parts of the record that support the statements." In several instances Defendants' SUMF fails to include references to the parts of the record that support the statements. For example, paragraph five (5) refers to a particular page of Defendant Read's deposition, but that page does not contain the stated information. In addition, as pointed out by Plaintiff, Defendants' SUMF contains two paragraph tens, and the record reference after the second paragraph ten does not contain support for the facts proffered in that paragraph (in fact, it appears to refer to a page of a deposition that does not exist). Further, despite the reference to "id." contained in paragraphs twelve (12) through fourteen (14), it is unclear as to what portions of the record Defendants refer in connection with those paragraphs. Finally, the statement at paragraph fifteen (15) contains no reference to the record at all. Despite the Court's provision of a second opportunity to file a properly supported motion for summary judgment, Defendants have again failed to file a motion "in strict compliance with Local Rule 56.1," as directed by the Court in its January 12, 2022 Order.[3]

---

[3] Plaintiff's response to Defendants' SUMF also fails to comply with Local Rule 56.1. In paragraphs five (5), six (6), seven (7), and nine (9), Plaintiff denies the factual assertion contained in each paragraph but offers no citation to the record in support of his denial. (Doc. No. 45-1 at 2.) In addition, in the same document, Plaintiff includes a "Counter Statement of Material Facts Under Local Rule 56.1" at paragraphs twenty-four (24) through forty-nine (49). Plaintiff's "Counter Statement of Material Facts" fails to comport with Local Rule 56.1 of this Court, set forth above, which contemplates only that a party opposing a motion for summary judgment file a statement of facts "responding to the numbered paragraphs set forth" in the moving party's statement of facts. See Sash v. Hogsten, No. 07-cv-00475, 2009 WL 249649, at *2 (M.D. Pa. Feb. 2, 2009) (providing that L.R. 56.1 "does not provide for a non-moving party to file his own statement of material facts but instructs the nonmoving party how to properly respond to the movant's statement of material facts").

As stated by the Court in its previous Order, "[w]hen a moving party fails to comply with Local Rule 56.1 'the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.'" See Abu-Jamal v. Kerestes, No. 3:15-cv-00967, 2018 WL 2166052, at *14 (M.D. Pa. May 10, 2018) (quoting Landmesser v. Hazleton Area Sch. Dist., 982 F. Supp. 2d 408, 412 (M.D. Pa. 2013)).  The appropriate sanction for violation of Local Rule 56.1 is a matter entrusted to the district court's discretion.  See Weitzner, 909 F.3d at 614.  In light of the fact that this is Defendants' second opportunity to file a properly supported motion for summary judgment, after being advised by the Court as to the requirement of strict compliance with Local Rule 56.1, the Court concludes that denial of Defendants' motion for summary judgment for failure to comply with Local Rule 56.1 is again appropriate.  See Landmesser, 982 F. Supp. 2d at 412 (dismissing motion for summary judgment for failure to comply with Local Rule 56.1); Hickey v. Merritt-Scully, No. 4:18-cv-01793, 2021 WL 949448, at *2 (M.D. Pa. Mar. 12, 2021) (denying plaintiff's motion for summary judgment for failure to comply with Local Rule 56.1 where plaintiff's "putative statement of material facts is written in narrative rather than numbered paragraph form, is impermissibly contained within her brief in support of her motion for summary judgment, and frustrates rather than facilitates the purposes of Local Rule 56.1 and Fed. R. Civ. P. 56"). However, the Court will not afford the parties another opportunity to move for summary judgment.

**AND SO**, on this 8th day of September 2022, upon consideration of the foregoing, **IT IS ORDERED THAT**:

1. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 37) is **DEEMED WITHDRAWN**;

2. Defendants' Motion for Summary Judgment (Doc. No. 38) is **DENIED**;

3. The parties shall confer and submit, on or before **October 1, 2022**, three proposed agreeable trial dates along with an estimate of the number of trial days required;

4. The parties shall file, on or before **October 14, 2022**, pretrial memoranda specifically identifying each claim asserted by Plaintiff and comprehensively addressing the law applicable to each claim, and such pretrial memoranda shall otherwise comport with the Pretrial Memorandum format described in Appendix B to the Local Rules of the Middle District of Pennsylvania; and

5. A status telephone conference shall be held on **October 21, 2022, at 11:00 AM**. The telephone number of the Court for purposes of this conference is 717-221-3990. Plaintiff's counsel shall initiate the telephone call.

> s/ Yvette Kane
> Yvette Kane, District Judge
> United States District Court
> Middle District of Pennsylvania