**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ADEGBOLA SEAN OGUNDERE,** | : | |
| **Plaintiff** | : | **No. 1:20-cv-00711** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **LOWER ALLEN TOWNSHIP, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

## <u>ORDER</u>

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiff Adegbola Sean Ogundere ("Plaintiff") instituted the above-captioned action on April 29, 2020, by filing a complaint in this Court against Defendants Jeremy Read and Katie Justh (the "Individual Defendants") and Defendant Lower Allen Township ("Defendant Township") (collectively, "Defendants") arising out of a traffic stop and arrest of Plaintiff that occurred on November 25, 2018. (Doc. No. 1.) Defendants answered the complaint (Doc. Nos. 10, 12), and discovery commenced. Upon the close of fact discovery, the Court referred this case to a Magistrate Judge of this Court for a settlement conference. (Doc. Nos. 21-24.)

After settlement efforts were unsuccessful, the Court established a date for the filing of any dispositive motion. (Doc. No. 26.) Defendants filed a summary judgment motion (Doc. No. 27), and, after briefing, the Court denied the motion without prejudice due to Defendants' failure to comply with the Middle District of Pennsylvania Local Rules of Court, Local Rule 56.1 in connection with the motion (Doc. No. 36). However, the Court's Order permitted both parties another opportunity to file a motion for summary judgment, this time in strict compliance with the Local Rules of this Court. (<u>Id.</u>) Thereafter, both Plaintiff and Defendants filed motions for summary judgment. (Doc. Nos. 37, 38.) By Order dated September 8, 2022, the Court deemed Plaintiff's motion withdrawn for failure to file a brief in support of the motion in accordance

with Local Rule 7.5, and again denied Defendants' motion for failure to comply with Local Rule 56.1. (Doc. No. 50.) The Court's Order directed the parties to confer and provide the Court with agreed-upon dates for trial of this matter, and to file pretrial memoranda "specifically identifying each claim asserted by Plaintiff and comprehensively addressing the law applicable to each claim." (Id.)

The Court has reviewed the parties' joint pretrial memorandum (Doc. No. 53), as well as the complaint in this matter, which reveals that Plaintiff asserts the following claims against the following Defendants: (1) false arrest in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 (counts one and two)—against the Individual Defendants; (2) malicious prosecution in violation of the Fourth Amendment pursuant to 42 U.S.C. §1983 (count three)—against the Individual Defendants; (3) a Monell claim pursuant to 42 U.S.C. § 1983 (counts one and four)—against Defendant Lower Allen Township; and (4) a claim for declaratory judgment and injunctive relief against all Defendants.

In their answer (Doc. Nos. 10, 12), as well as in the two motions for summary judgment filed by them, Defendants assert the defense of qualified immunity to all of Plaintiff's claims. In light of the procedural failings of Defendants' motions for summary judgment and supporting papers, the Court has not been able to address Defendants' potential entitlement to qualified immunity in connection with those motions. The Court finds it necessary to direct further briefing on Defendants' potential entitlement to the defense of qualified immunity as to each claim asserted against each Defendant in advance of any trial of Plaintiff's claims. In so doing, the Court notes its obligation under prevailing Third Circuit authority to "analyze separately the conduct of each [defendant]" as it applies to each asserted claim when assessing a qualified immunity defense asserted by multiple defendants. See Grant v. City of Pittsburgh, 98 F.3d 116,

123 (3d Cir. 1996); see also Reynolds v. Mun. of Norristown, 716 F. App'x 80, 82 (3d Cir. 2017) (unpublished) (vacating the district court's denial of summary judgment on the basis of qualified immunity where the district court did not analyze facts relevant to qualified immunity in connection with "each legal claim" and did not "conduct separate analyses for each individual seeking qualified immunity").

**AND SO**, on this 4th day of November 2022, in accordance with the foregoing, **IT IS ORDERED THAT**:

1. Defendants shall file a brief addressing their potential entitlement to qualified immunity as to each claim asserted against each Defendant by **November 17, 2022**;

2. Plaintiff shall file a brief in response to Defendants' brief by **December 1, 2022**; and

3. Defendants shall file a reply brief by **December 15, 2022**.


s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania