**SHERR LAW GROUP, LLP**          Attorney For Defendants
BY:   ANTHONY R. SHERR, ESQUIRE
Identification No. 44603
101 West Airy Street, Suite 100
Norristown, PA 19401
T: (484) 591-3000
F: (484) 210-0099

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADEGBOLA OGUNDERE | : | CIVIL ACTION |
| Plaintiff | : | NO. 1:20-CV-00711-YK |
| vs. | : | |
| | : | |
| LOWER ALLEN TOWNSHIP et al | : | |
| Defendants | : | |

## DEFENDANTS' BRIEF AND STATEMENT
## OF ISSUES ON THE ISSUE OF QUALIFIED IMMUNITY

Pursuant to this Court's Order of November 4, 2022, this brief is to address the issue of entitlement to qualified immunity with respect to the claims asserted against each of the individual defendants.

**THE PLEADINGS**

Plaintiff, Adegbola Sean Ogundere ("Ogundere") included five Counts in his complaint.

The First Count purports to be against "All Defendants" and is for a violation of 42 U.S.C. § 1983. The claim seems to be based upon a violation of Ogundere's rights under the Fourth and Fourteenth Amendment of the United States Constitution by

holding him in custody without authority to do so (see ¶ 53 of Plaintiff's Complaint, Document 1).

In Count Two of Ogundere's Complaint he claims that the count is against the individual defendants, who are:   Jeremy Read and Katie Justh.  This claim is for false arrest under 42 U.S.C. § 1983, claiming that Ogundere was arrested by the two officers in violation of his Fourth Amendment rights.

Count Three is also against the two Individual defendants, is also a § 1983 action, and alleges malicious prosecution in violation of the Fourth Amendment.

Count Four is a Monell claim against Lower Allen Township claiming that the Township's practice, custom or policy violated Mr. Ogundere's unspecified constitutional rights but failing to properly train on LEOSA, 18 U.S. § 926C.

In Count Five, plaintiff seeks Declaratory and Injunctive Relief without specifying who such relief is sought against, other than it mentions: "Defendants".

## LEGAL STANDARD

The Supreme Court held, in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982), that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  In <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987), the Court explained that to defeat immunity it is not sufficient that the right at issue be clearly established as a general

matter.  The question is whether a reasonable official could have believed his conduct was lawful in light of clearly established law and the information the official possessed. Id. at 483 U.S. at 641.  "The entitlement is an immunity from suit rather than a mere defense to liability; and ... it is effectively lost if a case is erroneously permitted to go to trial."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1995).

In order to determine if an official's conduct violates clearly established law, a Court must determine if at the time of the challenged conduct, "the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  Ford v. City of Harrisburg, 2018 U.S. LEXIS 180876 (MD PA 2018), quoting, Anderson v. Creighton, 483 U.S. 635, 640 (1987).  When properly applied, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.  Id. at 743.

As this Court stated in the Ford case, "the dispositive question that the court must ask is 'whether the violative nature of particular conduct is clearly established'."  "This inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition." Ford, at 22, quoting Mullenix v. Lune, 136 U.S. 305 (2015).

In its Order, this Court determined that Counts one and two of Ogundere's complaint are for false arrest.  However, Officer Justh did not play any role in Ogundere's actual arrest and therefore she is entitled to qualified immunity on these counts.

Corporal Read however, arrested Ogundere.  The <u>Fourth</u> <u>Amendment's</u> prohibition against unreasonable seizures protects individuals from arrest without probable cause. <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 482 (3d Cir. 1995) (citing <u>Papachristou v. City of Jacksonville</u>, 405 U.S. 156, 169, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972)). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." <u>United States v. Myers</u>, 308 F.3d 251, 255 (3d Cir. 2002) (citing <u>Beck v. Ohio</u>, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964)). In determining whether probable cause exists to support an arrest, the analysis must be based upon the totality of circumstances including "the objective facts available to the officers at the time of the arrest . . . ." <u>Sharrar v. Felsing</u>, 128 F.3d 810, 818 (quoting <u>United States v. Glasser</u>, 750 F.2d 1197, 1206 (3d Cir. 1984)). Subjective intentions of police officers are irrelevant to a <u>Fourth Amendment</u> probable cause analysis. <u>Whren v. United States</u>, 517 U.S. 806, 813, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996).

The only basis upon which Ogundere questions his arrest, is because of the application of LEOSA.  Ogundere does not dispute that he was carrying the firearms and other weapons on his person and in his car.  He does not dispute that at the time his permit for concealed carry had been revoked.  Thus, but for the LEOSA issue asserted by plaintiff, probable cause to arrest him is clearly evident.

Plaintiff's cannot establish that the existence and application of LEOSA at the time of Ogundere's arrest was clearly established.  The Assistant District Attorney prosecuting Mr. Ogundere concluded that LEOSA did not apply.  Pennsylvania has established standards for the application of LEOSA that Ogundere did not meet.

The Law Enforcement Officers Safety Act (LEOSA), 18 U.S.C.§926C gives retired law enforcement officers satisfying certain requirements the right to carry a concealed weapon. This right is not without qualifications.   The requirements for LEOSA to apply include:

(4) during the most recent 12-month period, has met, at the expense of the individual, the standards for qualification in firearms training for active law enforcement officers, as determined by the former agency of the individual, *the State in which the individual resides or,* if the State has not established such standards, either a law enforcement agency within the State in which the individual resides or the standards used by a certified firearms instructor that is qualified to conduct a firearms qualification test for active duty officers within that State.

. . .

(6) is not under the influence of alcohol or another intoxicating or hallucinatory drug or substance;

18 U.S.C.§926C(c)(4) and (6).(emphasis supplied).

18 U.S.C.§926C(c)(4) specifically refers to *State* standards for the qualifications for firearms training, thus incorporating state law. Pennsylvania does provide for individuals to obtain a license to carry a concealed weapon. 18 Pa. C.S.A. §6109.  In the instant case, Plaintiff's conceal carry license was revoked March 12, 2018, eight months before the subject incident. (ECF No. 12 ¶ 27).   This fact clearly renders plaintiff unqualified for firearms training, which is the requirement set forth in 18 U.S.C.§926C(c)(4).   As such, Pennsylvania law which is incorporated into LEOSA prevents plaintiff from carrying a concealed weapon.

Thus, because there was no clearly established authority that was similar to the current situation which would dictate that Mr. Ogundere should not have been arrested under the facts and circumstances as presented, Corporal Read is entitled to Qualified Immunity for Counts one and two.

Count three asserts a claim for malicious prosecution in violation of the Fourth Amendment.   As noted above, Mr. Ogundere's case was prosecuted by the District Attorney's office, NOT Corporal Read.  Thus there is no basis to hold Read liable for the prosecution, and therefore because he committed no violation in this respect, he is entitled to Immunity.  Similarly, Officer Justh had nothing to do with the prosecution of Ogundere, and therefore this count must also be dismissed as to her.

As to the last part in which Ogundere seeks injunctive and declaratory relief, he directs this at "defendants".  However, as to the individual defendants there is no basis

upon which to assert this claim against the individual defendants. Therefore without clarification as to who the last claim is actually against, there can be no basis upon which the individuals can be included in the last count.

**CONCLUSION**

Therefore, in consideration of the foregoing, the individuals are entitled to Qualified Immunity on all the claims asserted against them, and should be dismissed with prejudice from this matter.

Respectfully submitted,

By: _____

Anthony Sherr, Esquire

**SHERR LAW GROUP, LLP**          ATTORNEY FOR DEFENDANTS
BY:   ANTHONY R. SHERR, ESQUIRE
Identification No. 44603
101 West Airy Street, Suite 100
Norristown, PA 19401
T: (484) 591-3000
F: (484) 210-0099

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADEGBOLA OGUNDERE | : | CIVIL ACTION |
| Plaintiff | : | NO. 1:20-CV-00711-YK |
| vs. | : | |
| | : | |
| LOWER ALLEN TOWNSHIP et al | : | |
| Defendants | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Charlene M. Healy, RP, hereby certify that on the 17th day of November, 2022, a true and correct copy of Defendants' Brief On The Issue Of Qualified Immunity was served via the Court's ECF system upon Plaintiff's counsel:

Brian J. Zeiger
Levin & Zeiger
1500 JFK Blvd Suite 620
Philadelphia, PA 19102
215-825-5183
Email: zeiger@levinzeiger.com

_____
Charlene M. Healy, RP
PACE Registered Paralegal
for Anthony Sherr, Esquire