IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADEGBOLA SEAN OGUNDERE,** | : | |
|     **Plaintiff** | : | No. 1:20-cv-00711 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| **LOWER ALLEN TOWNSHIP, et al.,** | : | |
|     **Defendants** | : | |

**TRIAL SCHEDULING ORDER**

I.    **PRETRIAL MATTERS**

**COUNSEL ARE RESPONSIBLE FOR READING THIS ENTIRE ORDER**.

The following deadlines, described in greater detail throughout this order, have been established for this case, and may not be modified by the parties. Motions to modify or extend the deadlines established here shall be made before expiration of the time limits has passed. **Motions will be granted only on exceptional showing of good cause**.

| | |
|---|---|
| Local Rule 16.3 – Attorney Conference and Exchange | |
| Proposed Jury Instructions on or before: | **September 19, 2023** |
| Motions In Limine Due: | **September 26, 2023** |
| Pretrial Memoranda Due: | **October 3, 2023** |
| Proposed Jury Charge, Proposed Voir Dire Questions and Objections to Proposed Jury Charge: | **October 3, 2023** |
| Pretrial Conference: | **October 10, 2023, at 10:00 a.m.** |
| Trial Brief Due: | **October 17, 2023** |
| Trial: | **October 24, 2023, at 9:30 a.m.** |

    a.    Motions in limine **and supporting briefs** shall be filed no later than **September 26, 2023**. Any opposing brief shall be filed by **October 2, 2023**. Any reply brief shall be filed by **October 6, 2023**.

    b.    Each party shall file on or before **October 3, 2023,** a pretrial memorandum in conformity with the local rules. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed. R. Civ. P. 16(f).

    c.    Trial briefs shall be filed by noon on **October 17, 2023**.

    d.  A **Final Pretrial Conference** will be held on **October 10, 2023, at 10:00 a.m.** in a courtroom to be determined in the Sylvia H. Rambo United States Courthouse, Harrisburg, Pennsylvania.  **Counsel as well as litigants must be present at this conference in order to have effective settlement discussions**.

    e.  Local Rule 16.2, as it relates to settlement authority, will apply to this conference.

    f.  Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2.   A copy of the local rules may be obtained from the Courts' website at www.pamd.uscourts.gov or by writing:   Sylvia H. Rambo United States Courthouse, 1501 N 6th St, Harrisburg, Pennsylvania 17102.

    g.  At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made.   Counsel for the defendant shall be required to identify any legal defenses he/she expects to make.   It should be noted that the court expects to hold counsel for both sides to the course they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses to be argued at trial and unless this court is apprised of these additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial.

    h.  Each party shall file **proposed jury instructions** via CM/ECF on or before **September 19, 2023**.   Proposed jury instructions shall be formatted one to a page and shall identify the relevant authority for the instruction.   Supplemental proposed jury instructions may be submitted for matters arising during the trial which could not reasonably have been anticipated prior to trial.

    i.  **TWO TO THREE WEEKS prior to the date scheduled for the submission of the pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3**.   This conference shall be face-to-face unless the court, upon written request, approves another arrangement.   Failure of the plaintiff to initiate the holding of the conference or the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

**II.     TRIAL**

a. Jury Selection and Trial will commence on **October 24, 2023, at 9:30 a.m.** in a courtroom to be determined in the Sylvia H. Rambo United States Courthouse, Harrisburg, Pennsylvania.   Trial will commence following the completion of jury selection.

b. If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial.   If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial.   Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn.  If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial.

c. The parties shall pre-mark all exhibits which they intend to introduce as part of their case in chief.   One copy of the exhibit list and all exhibits shall be served on the opposing party not later than ten business days prior to the commencement of trial.   Each party shall file their exhibit list (but not exhibits) on or before **October 17, 2023**.   Two sets of pre-marked documentary exhibits shall be given to the deputy clerk before jury selection on the day of trial for the court's use.   If more than fifteen exhibits are to be used, the sets shall be submitted in separate three-ring binders.   The exhibit list shall be in the form provided on the court's website at www.pamd.uscourts.gov.   The original exhibits shall be maintained by counsel.

d. All parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment shall be arranged well in advance of trial with the courtroom deputy and/or systems team member.   See **"Programs & Services"** link on the district website at www.pamd.uscourts.gov.   **Please read thoroughly the section on "Courtroom Technology" as well as the section on "Jury Evidence Recording System [JERS]."**

e. JERS.   Counsel shall provide in electronic format any exhibits of documents, photographs, videos and any other evidence that may be reduced to an electronic file, for the use of Court Personnel and JERS during trial, five (5) business days before jury selection.   Each electronic exhibit shall be saved as a separate, independent file, and submitted to the Court via a complete and properly formatted USB flash drive or disc containing the party's exhibit list and exhibits.   Exhibits filed shall be named consistent with their order and name on the exhibit list.   Additional information concerning JERS may

be found on the **"Programs & Services"** page on the court's website at www.pamd.uscourts.gov. Exhibits submitted in this manner are for the use of the jury during deliberations.

   f. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

Dated: 8/7/23                s/ Yvette Kane
                            Yvette Kane, District Judge
                            United States District Court
                            Middle District of Pennsylvania